**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter L. MITCHELL, Jr.,**
**Defendant-Appellant.**

**No. 83–5205.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 1984.

Decided Oct. 4, 1984.

702

Richard Drooyan, Janet Goldstein, Los Angeles, Cal., for plaintiff-appellee.

Maria E. Stratton, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before KILKENNY, HUG, and BOOCHEVER, Circuit Judges.

HUG, Circuit Judge:

Walter Mitchell appeals his convictions for mail fraud, 18 U.S.C. § 1341, and for filing a false income tax return, 26 U.S.C. § 7206(1). The indictment charged that Mitchell, who had been a member of the city council of Redondo Beach, California, had used his position to secure the council's approval of a condominium conversion project. The indictment further charged that, in return for his support of the project, Mitchell received more than $100,000 from the project's owner, Robert Ferrante. It was alleged that Mitchell had used the mails to defraud the citizens of Redondo Beach, the members of the city council, and the city planning commission by concealing both that Ferrante had an interest in the project and that Mitchell would profit from the approval. Finally, the indictment charged that Mitchell failed to report as income the money he had received from Ferrante in return for his support of the project.

The jury convicted Mitchell on six counts of mail fraud and one count of filing a false tax return. It acquitted Mitchell on four counts of mail fraud and reached no verdict on three remaining counts. We affirm the convictions.

### I

■ Mitchell contends that the indictment was subject to dismissal because it failed to charge an offense. To charge a violation of 18 U.S.C. § 1341, the indictment was required to allege facts from which two elements could be found: (1) the formation of a scheme or artifice to defraud, and (2) use of the mails in furtherance of the scheme. *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir.1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983); *United States v. Bohonus*, 628 F.2d 1167, 1171 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980). Mitchell argues that the indictment did not allege that the mailings were made in furtherance of the scheme.

Mitchell was convicted on six counts of mail fraud. Count 5 was based upon a notice sent by the planning commission to the owner of the apartment complex to advise him that the commission would rehear the conversion proposal. Counts 6 through 8 were based upon notice of the rehearing sent to tenants of the apartment complex. Counts 9 and 10 were based upon notices sent by the planning commission and the city council, respectively, advising the owner of the complex that the conversion project had been approved. Mitchell argues that each of these mailings was routine, intrinsically innocent, and required by law and that they therefore were not made in furtherance of the scheme to defraud.

■ To violate section 1341, mailings need not be an essential part of the scheme, but they must be made or caused to be made for the purpose of executing the scheme. *United States v. Maze*, 414 U.S. 395, 400, 94 S.Ct. 645, 648, 38 L.Ed.2d 603 (1974); *Bohonus*, 628 F.2d at 1173. This requirement is satisfied if the completion of the scheme or the prevention of its detection is in some way dependent upon the mailings. *See United States v. LaFerriere*, 546 F.2d 182, 187 (5th Cir.1977).

■ Each of the mailings identified in the indictment played an integral part in the completion of Mitchell's scheme. The mailing in Count 5, informing the complex owner of the granting of the rehearing, was an important step in eventually securing the commission's approval. The mailings to the tenants in Counts 6 through 8

were required by the planning commission as a condition to holding a rehearing on the conversion application. The mailings to the complex owner in Counts 9 and 10 were required to consummate the scheme. As in *United States v. Miller,* 676 F.2d 359, 362 (9th Cir.), *cert. denied,* 459 U.S. 856, 103 S.Ct. 126, 74 L.Ed.2d 109 (1982), "[o]nly then was the transaction complete." Because city ordinances required that the notices to which Counts 5, 9, and 10 refer be mailed, Mitchell knew the mails would be used in the course of securing the city's approval of the project. *See United States v. Brutzman,* 731 F.2d 1449, 1454 (9th Cir. 1984). Each notice was thus a necessary step in achieving the goal of approval of the project.

Mitchell relies on *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), in which the Supreme Court held that tax statements and receipts mailed by a local school district were not sent in furtherance of a scheme to defraud the district of its revenue. Mitchell emphasizes that, like certain of the notices in his case, the mailings in *Parr* were required by law to be sent. We have concluded, however, that *Parr* is inapposite. The tax statements, checks, and receipts mailed in *Parr* were sent out regularly and routinely and would have been mailed even if the scheme to defraud the district had not existed. In Mitchell's case, the fraudulent scheme triggered the mailings, which would not have occurred except as a step in the scheme. *Parr* therefore did not require dismissal of the indictment.

## II

Mitchell contends that the district court erred in refusing to instruct the jury that it could convict Mitchell only if it found that he and Ferrante had acted in concert. He argued that because the indictment alleged concerted activity, the failure to give the instruction constructively amended the indictment.

 The indictment did not charge a conspiracy between Mitchell and Ferrante, and such a charge was not necessary to estab-

lish a violation of section 1341. The Government was only required to allege that Mitchell was a knowing participant in the fraudulent scheme. *See United States v. Diggs,* 649 F.2d 731, 736 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). The instructions given by the district court adequately set out the elements of the offense. They advised the jury that it had to find the fraudulent scheme existed as charged, that at least one of the false representations alleged in the indictment was made, and that Mitchell knowingly devised or participated in the scheme. Contrary to Mitchell's assertion, these instructions did not mislead the jury. They were consistent with the offense charged by the grand jury and in no way altered or broadened the indictment. *See United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984). *Cf. United States v. Pazsint,* 703 F.2d 420, 423 (9th Cir.1983) (indictment constructively amended where instructions were consistent with proof adduced at trial, but not with charges in indictment).

## III

Mitchell's attorney was appointed on May 23, 1983. At that time she requested a trial date of July 19. At Mitchell's arraignment on May 31, the district court denied that request and set trial for July 5. Mitchell contends that the court's denial of a later trial date impaired his counsel's trial preparation.

 The denial of a motion for a continuance will not be reversed absent a clear abuse of discretion. *United States v. Clevinger,* 733 F.2d 1356, 1359 (9th Cir.1984); *United States v. Long,* 706 F.2d 1044, 1053 (9th Cir.1983). Denial amounts to a constitutional violation only if there is an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay." *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense.

*Clevinger,* 733 F.2d at 1360; *Long,* 706 F.2d at 1053.

■ Mitchell claims the 43-day pretrial period was inadequate because the case was complex and his counsel's own schedule prevented her from thoroughly preparing the defense. He does not specify what defense theories his counsel might have explored, what aspects of the case she was unable to investigate, or what witnesses might have been interviewed. In short, he has not demonstrated actual prejudice. We must therefore conclude that the denial of a continuance was not an abuse of discretion.

## IV

■ Mitchell contends that the trial court erred in denying his motion for a bill of particulars. This motion was also committed to the trial court's discretion. *Will v. United States,* 389 U.S. 90, 98–99, 88 S.Ct. 269, 275–276, 19 L.Ed.2d 305 (1967); *Long,* 706 F.2d at 1054.

■ The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense. *Id.; United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). These purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense. *Id.* The indictment in this case is reasonably detailed and Mitchell makes no allegation that full discovery was not afforded pursuant to Fed.R.Crim.P. 16. Furthermore, Mitchell makes no suggestion that disclosure at trial of any fact or information resulted in unfair surprise or prejudice. *See United States v. Davis,* 582 F.2d 947, 951 (6th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979). He therefore has not shown that the trial court abused its discretion in denying the motion.

The judgment is AFFIRMED.