24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto RODRIGUEZ-ROMERO, Defendant-Appellant. (Two Cases)
 Nos. 92-50720, 93-50183.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
May 9, 1994.
 
 Before: FLETCHER, PREGERSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Humberto Rodriguez-Romero appeals his convictions of conspiracy to possess methamphetamine with intent to distribute and bail jumping. Rodriguez alleges that the district court made several errors during trial. He also raises various sentencing issues. We affirm Appellant's convictions, but vacate the sentence imposed and remand to the district court for resentencing.
 
 I.
 
 3
 Appellant argues that the district court's refusal to continue his trial to hear allegedly exculpatory testimony from codefendant Garcia violated his constitutional right to present a defense and to have a fair trial. Appellant also argues that the district court erred in not inquiring of codefendant Casas whether he would testify or not. We review the denial of a motion for continuance for abuse of discretion. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991). Denial is a constitutional violation only if the district court unreasonably and arbitrarily insists upon expeditiousness in the face of a justifiable request for delay. United States v. Mitchell, 744 F.2d 701, 704 (9th Cir.1984).
 
 A. Codefendant Casas
 
 4
 On June 3, 1992, a writ Ad Testificandum issued ordering codefendants Casas and Garcia to appear at Appellant's trial on June 16 to be potential witnesses. Casas was present in time to testify at Appellant's trial. At the close of the government's case in chief, the district court ordered Casas to appear with his counsel the next morning. The court stated "I talked with [Casas' attorney] briefly up here, as you saw today--and I think his client is not going to testify." Tr. 6/16/92 at I-174. The district court subsequently noted that Casas' attorney had advised him not to testify. Neither Casas nor his attorney appeared in court the next day. Appellant argues that it was error for the trial court not to inquire of Casas whether or not he was going to testify. This argument is without merit.
 
 
 5
 Casas was in a holding tank and could have been called by the defense as a witness. However, Casas was not called and there is no evidence that he was forced to refrain from testifying. We note that even assuming the district court committed error, no prejudice resulted. Prior to his own sentencing, Casas consistently made statements directly implicating Appellant as a leader in the drug conspiracy. The Telephonic Declaration and the subsequent affidavit exculpating Appellant from the conspiracy were both offered by Casas after his own sentence had been determined. We have previously stated that this type of evidence is highly suspect and should be discouraged. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 B. Codefendant Garcia
 
 6
 Despite being writted at the same time as Casas, Garcia was unable to appear in court as ordered on June 17 because of a delay in transit. When notified that Garcia would not be present until June 19, the district court refused to continue the trial. A district court's denial of a motion for continuance is reviewed for abuse of discretion in light of four factors: 1) the extent of defendant's diligence in readying the defense; 2) the likelihood that the continuance would have satisfied defendant's need; 3) the inconvenience to the court, opposing party, and witnesses; and 4) the extent to which defendant may have been harmed. Tham, 960 F.2d at 1396. "To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice." Id. To rise to the level of constitutional error, the omission of Garcia's testimony must create a reasonable doubt as to Appellant's guilt that did not otherwise exist. United States v. Agurs, 427 U.S. 97, 112-13 (1976).
 
 
 7
 Here, we find that the district court did not err in denying Appellant's motion to continue. Appellant never adequately explained the exculpatory nature of the testimony that Garcia would have provided. The only evidence was Casas' statement in the Telephonic Declaration that Garcia would offer testimony exonerating Appellant if brought into court. In fact, trial counsel for Appellant later conceded that Appellant could only provide "a supposition" of what Garcia would testify to. Therefore, we conclude that the district court did not commit reversible error in denying Appellant's motion to continue.
 
 II.
 
 8
 Appellant next argues that the Confrontation Clause was violated by the district court's admission of the following statement:
 
 
 9
 [Agent Bryant]: Well, I was approached by Agent Hansen, who summarized the investigation by telling me that through the use of an informant he had learned about a person [later identified as Appellant] who was supposedly trafficking in large quantities of methamphetamine.
 
 
 10
 We review admission of this statement for plain error because no objection was made at trial. United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 11
 The admission of Bryant's testimony was not so highly prejudicial as to constitute plain error. Bryant qualified his remarks with the word "supposedly" and the reliability of the confidential informant was explored on cross-examination. More important, the record contained ample evidence corroborating Appellant's drug activities. This evidence included at least eight tape recorded telephone conversations between Appellant and his codefendants on the one hand, and Agents Hansen and Bryant and their confidential informant on the other hand. Among these recordings was a tape of the initial meeting between the confidential informant and Appellant on October 20, during which Appellant discussed the option of exchanging ephedrine for methamphetamine and agreed to meet later to discuss the matter further. The evidence also contained substantial testimony by Agent Bryant regarding his meeting with Appellant on October 26 at which they negotiated the exchange of a substantial amount of drugs. Agent Bryant also testified about Appellant's expertise in manufacturing methamphetamine. Furthermore, Agent Hansen testified that Appellant's codefendants had identified Appellant as their boss of several years in the production of high-quality methamphetamine.
 
 
 12
 Appellant also argues that the district court erred in admitting Bryant's testimony concerning the physical harm that might result from a drug associate's attempt to pull away from the drug leader. Even assuming that this testimony was improper, its admission was harmless in light of the substantial evidence supporting the conviction. See United States v. Rogers, 722 F.2d 557, 560 (9th Cir.1983), cert. denied., 469 U.S. 835 (1984). We agree with the district court that the evidence against Appellant was overwhelming. As noted above, the record contains a significant amount of evidence supporting the conviction, including several recordings of conversations in which Appellant discussed exchanging methamphetamine for ephedrine. Furthermore, admitting Bryant's testimony regarding physical harm that might result from a drug associate's attempt to pull away from the leader was harmless because this testimony was made only in passing and the district court did not permit the government to ask the witness to explain why physical harm could result. The jury also heard considerable testimony about the physical risks inherent in the drug trafficking business. We reject Appellant's argument for reversal based on the admission of improper statements.
 
 III.
 
 13
 Appellant claims that his trial counsel's failure to object to damaging testimony by the government and to errors in the presentence report deprived him of the Sixth Amendment right to effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the defendant must show that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 14
 Appellant initially argues that trial counsel's performance was deficient in that he failed to object to several portions of Agent Bryant's testimony. The alleged evidentiary errors are not sufficient to meet the rigorous standard imposed by Strickland. In fact, the record indicates that trial counsel made numerous objections concerning speculative and leading questions by the government.
 
 
 15
 Even if errors were committed, we do not believe that prejudice resulted. Much of the complained of testimony was not prejudicial in light of the other evidence implicating Appellant in the drug conspiracy. See United States v. Harden, 846 F.2d 1229, 1231 (9th Cir.), cert. denied, 488 U.S. 910 (1988). It can not be said that but for trial counsel's performance, the result of the proceedings would have been different and thus Appellant's claim of ineffective assistance of counsel must fail. Strickland, 466 U.S. at 687.[1]
 
 IV.
 
 16
 Appellant argues that the district court improperly denied his motion for a new trial, which was based on the discovery of allegedly new evidence. We review a denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). The relevant test is: "1) the evidence must be newly discovered; 2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; 3) the evidence must be material to the issues at trial; 4) the evidence must be neither cumulative nor merely impeaching; and 5) the evidence must indicate that the new trial would probably result in acquittal." Id.
 
 
 17
 Here, Appellant argues that the discovery that codefendants Casas and Garcia were willing to offer exculpatory testimony on his behalf constitutes newly discovered evidence justifying a new trial. This argument fails to meet the Kulczyk test and therefore lacks merit. Initially, it is not at all clear that the evidence is newly discovered. We have previously held that when a defendant who has chosen not to testify subsequently agrees to offer testimony exculpating a codefendant, the evidence is not newly discovered. See Reyes-Alvarado, 963 F.2d at 1188. This covers the situation presented by codefendant Casas.
 
 
 18
 Appellant also failed to demonstrate that the admission of the codefendant testimony would probably have resulted in an acquittal. As discussed earlier, the record supports the district court's conclusion that the evidence against Appellant was overwhelming. Further, we note that Casas has previously implicated Appellant as the leader of the group and thus his newly offered testimony would be highly suspect. As noted by the Reyes-Alvarado court, codefendant testimony that is not offered until the codefendant has been sentenced is "untrustworthy and should not be encouraged". Id. The district court did not abuse its discretion in denying Appellant's motion for a new trial.
 
 V.
 
 19
 Appellant argues that the district court failed to determine whether Appellant's counsel had reviewed the presentence report with him. See Fed.R.Crim.P. 32(a)(1)(a). Both parties agree that Rule 32 was not followed as the district court failed to inquire if Appellant had read the PSR. The only issue is whether the error was harmless. See United States v. Sustaita, 1 F.3d 950, 953 (9th Cir.1993) (applying harmless error analysis to judge's failure to adhere to Rule 32(a)(1)(a)).
 
 
 20
 Appellant argues that had proper Rule 32 inquiry been made, he would have alleged that his PSR contained the following errors: 1) improper calculation of the relevant drug quantities resulting in a higher base offense level than that received by either of his codefendants; 2) double counting of his bail jumping charge; and 3) overrepresentation of his criminal history resulting in a Category II placement. On the record before us, we cannot conclude that no prejudice resulted from the admitted Rule 32 violations.
 
 
 21
 Each of Appellant's codefendants received a base offense level of 32. Appellant, based on a conviction for the same conduct, received a base offense level of 40. While sentencing disparity among codefendants is not sufficient grounds for attacking an otherwise proper sentence, see United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992), Appellant's probation officer appears to have improperly accounted for the fifty-five pounds of ephedrine. If Appellant is indeed entitled to a lower base offense level, then his allegation that the bail jumping charge was double counted becomes relevant.[2] It is also possible that Appellant's criminal history was overrepresented. If Rule 32 had been followed, Appellant could have challenged the PSR's findings on each of these points. See Sustaita, 1 F.3d at 954. Given that Appellant may have valid objections to the PSR, we remand to the district court to allow Appellant to show that the lack of Rule 32 inquiry prejudiced him. We note, however, that it is entirely possible that the statutory twenty year maximum applicable to the underlying narcotics offense will render the lack of notice harmless.
 
 VI.
 
 22
 We AFFIRM Appellant's convictions, but VACATE the sentence imposed and REMAND to the district court for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 34-4
 
 
 [1]
 Appellant also claims that his counsel was deficient in failing to object to various aspects of the presentence report ("PSR"). In Section V, we vacate Appellant's sentence and remand to the district court to determine whether prejudice resulted from the failure to object to the PSR. This possibility of prejudice, however, does not affect the validity of the underlying convictions
 
 
 [2]
 If Appellant's base offense level is not reduced, then his "double counting" argument lacks merit. This is because given the applicable guideline range, the district court had to sentence Appellant to the statutory maximum of twenty years on the underlying charge. Further, 18 U.S.C. Sec. 3146 requires that bail jumping result in the imposition of a consecutive sentence