**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Balraj SINGH, Defendant–Appellant.**

**No. 03–30389.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 29, 2004.

Russell E. Smoot, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Chris Bugbee, Esq., Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Defendant Balraj Singh appeals from the judgment of conviction for being an alien unlawfully in the United States in possession of a firearm, *see* 18 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 922(g)(5), and from the denial of his motion for a new trial. Singh maintains that the district court erred in denying his motion to continue the trial. He also challenges the admission of certain evidence, and asserts that his conviction should be reversed and a new trial granted on the ground of prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ To obtain a reversal of his conviction based on the district court denying his request for a continuance, Singh must show that this decision caused actual prejudice to his defense. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir.1984); *see also United States v. Zamora–Hernandez*, 222 F.3d 1046, 1049 (9th Cir.2000). Although Singh identified various witnesses that he might have located and called had a continuance been granted, he offered nothing by way of evidence to support his hunches concerning what their testimony would have been. Thus, Singh has not demonstrated, but merely conjectured, a likelihood that a continuance would have met his needs, or that he was harmed by the lack of a continuance.

We review a district court's decision to admit character evidence under Rule 404(b) of the Federal Rules of Evidence for an abuse of discretion. *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002). The same standard applies to a decision to admit certain evidence under Federal Rules of Evidence 401–403. *See United States v. Takahashi*, 205 F.3d 1161, 1164–65 (9th Cir.2000).

■ The character evidence of which Singh complains is his alleged distribution of pseudoephedrine. Because the drug transactions in which Singh allegedly participated involved cash amounts exceeding $1700, it is reasonable to infer that Singh would want a gun on hand to protect the merchandise related to such large, illicit transactions.[1] Thus, the district court did not abuse its discretion in finding the evidence of Singh's alleged distribution activities admissible for purposes of showing a motive for or lack of mistake in possessing a firearm. *See* Fed.R.Evid. 404(b); *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir.1991).

Nonetheless, Singh insists that any relevancy of this character evidence was greatly outweighed by its potential to cause unfair prejudice to his defense. *See* Fed. R.Evid. 403; *United States v. Blackstone*, 56 F.3d 1143, 1145–46 (9th Cir.1995). His arguments on this score are unconvincing. The holding in *Blackstone* was premised on the notion that lawfully possessing methamphetamine recipes was barely relevant to the defendant's alleged motive for owning the gun and, thereby, dwarfed in comparison to the possibility for undue prejudice. *See* 56 F.3d at 1146 ("[T]he tendency of the methamphetamine recipes to establish Blackstone's connection to a methamphetamine lab was zero to slight."). Here, the uncharged misconduct involved allegations that Singh knowingly engaged in the actual trafficking of unlawful quantities of a controlled substance. Because the nexus between actual trafficking and the motive to own a firearm is greater, so too is the relevancy of the uncharged yet alleged distribution activities.

■ Turning to the would-be danger of undue prejudice, Singh minimized this risk by suggesting to the jury that he was

---

1. Singh's reliance on the testimony of a government witness—indicating that law enforcement officers did not regard the convenience store as a dangerous location despite the alleged drug trafficking—is misplaced. The witness was testifying about the dangers of executing the search warrant at that location, and not the dangers associated with illicit drug sales as they occur.

unaware that selling the pseudoephedrine was illegal. Additionally, the testimony he elicited from other witnesses indicated that pseudoephedrine is available at nearly any convenience store, and that selling it was more innocuous than selling methamphetamine or even marijuana. On balance, we cannot say that the relevant evidence of Singh's distribution activities was "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

■ Arguing that it was not relevant, Singh also faults the district court for allowing evidence concerning his general desire to own a firearm. His arguments are not persuasive. Singh was charged with violating 18 U.S.C. § 922(g), which contains no scienter requirement; ergo, the government did not have to show that Singh specifically intended to own the gun in question. *See United States v. Barron–Rivera*, 922 F.2d 549, 551 (9th Cir.1991). At the same time, his interest in owning a firearm tended to show a likelihood that Singh owned the assault rifle. Thus, evidence of his expressed desire was relevant. *See* Fed.R.Evid. 402.

Finally, Singh accuses the prosecution of having engaged in misconduct. In order to obtain a reversal on such ground, regardless of the standard of review, Singh must show that there was misconduct that probably impacted the outcome of his trial. *Compare, e.g., United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000) (applying plain error and harmless error standards of review), *and United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir.1999) (reviewing for an abuse of discretion).

According to Singh, the prosecution engaged in misconduct by eliciting testimony from him and another witness, Manjit Kaur, regarding Singh's ownership of a pistol (as opposed to the firearm that he was charged with possessing), and then commenting on the same during closing remarks. Singh posits that this was misconduct in light of the district court's pretrial ruling barring evidence concerning his ownership of a pistol. His position on this point is untenable. We do not believe that asking Kaur to verify that she was referring to a specific weapon, i.e., the rifle, would alert the jury that Singh owned some other unmentioned firearm for which he was not being charged.

By the same token, it was not the questions posed to Singh by the prosecution, but his own dishonest responses, that implied his possession of a second firearm. In trying to tell the jury that he never expressed an interest in owning a gun, and that he never actually owned a firearm, Singh opened the door for the prosecution to impeach his testimony on such topics. *See United States v. Antonakeas*, 255 F.3d 714, 724–25 (9th Cir.2001). While the prosecution may have elected to use extrinsic evidence to impeach Singh's bold deceptions, *see id.*, it merely asked Singh to clarify his answer. Similarly, in its closing remarks, the prosecution only commented on Singh's difficulty in answering simple questions, and made no hint that Singh was concealing his ownership of a second firearm. Because Singh put his credibility in issue by testifying, there was nothing improper about the government's closing remarks. *See Stewart v. United States*, 366 U.S. 1, 6 n. 13, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961).

Since there was no single error, the district court acted within its discretion in denying Singh's motion for a new trial, and a cumulative-error analysis here is unwarranted. *See United States v. Carreno*, 363 F.3d 883, 889 n. 2 (9th Cir.2004). In sum, we affirm Singh's conviction and the denial of his motion for a new trial.

AFFIRMED.