

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# USA v. Hoffman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hoffman" (2007). *2007 Decisions.* Paper 818.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/818

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4182
_____

UNITED STATES OF AMERICA

v.

JOSEPH F. HOFFMAN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cr-00334-1)
District Judge: Hon. Bruce W. Kauffman

Argued May 21, 2007

Before:  BARRY, CHAGARES, and TASHIMA,[1] Circuit Judges.

_____

(Filed:   July 3, 2007)

Cheryl J. Sturm (Argued)
387 Ring Road
Chadds Ford, PA 19317

      Counsel for Appellant

_____

      [1]The Honorable A. Wallace Tashima, United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

Judy Goldstein Smith (Argued)
Amy L. Kurland
Assistant United States Attorney, Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

    Counsel for Appellee

OPINION OF THE COURT

CHAGARES, Circuit Judge.

    Defendant/appellant Joseph F. Hoffman was formerly employed as a hearing examiner for the Bureau of Administrative Adjudication, which is the municipal agency tasked with resolving appeals of parking citations issued by the Philadelphia Parking Authority (PPA). Hoffman was charged and convicted of several crimes arising out of his participation in a scam to fix parking tickets issued by the PPA. On appeal, he challenges his conviction and sentence on various grounds. Because we find none of these challenges to be persuasive, we will affirm both his conviction and sentence.

I.

    As we write only for the parties, we do not set forth the facts in detail. The evidence at trial showed that between the fall of 1999 and February 2003, Hoffman dismissed or reduced parking ticket liability for numerous individuals in exchange for cash and other inducements. As part of this scheme, Hoffman employed a co-conspirator, Charles Mirarchi, as a bagman to ferry bribe money from certain individuals to Hoffman. On February 13, 2003, the FBI approached both Hoffman and Mirarchi individually and

2

informed them that they were under investigation for illegal ticket fixing. Thereafter, on March 5, 2003, Hoffman mailed Mirarchi a letter containing a $4000 check, the ostensible purpose of which was to repay a loan Mirarchi had given to Hoffman. For its part, the Government offered evidence to show that no such loan ever occurred, and argued that Hoffman's purpose in making this mailing was to fabricate a pretext that could explain his financial transactions with Mirarchi. Based on this mailing, Hoffman was charged with and convicted of, <u>inter alia</u>, mail fraud in violation of 18 U.S.C. § 1341 and § 1346.

On appeal, Hoffman's central argument is a challenge to the sufficiency of the evidence supporting his conviction for mail fraud. As such, we must view the evidence "in the light most favorable to the Government, and credit all reasonable inferences that support the verdict[]." <u>United States v. Perez</u>, 280 F.3d 318, 342 (3d Cir. 2002) (citing <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)). Despite the "particularly deferential" standard of review we apply, <u>United States v. Hedaithy</u>, 392 F.3d 580, 604 (3d Cir. 2004), Hoffman nonetheless argues that the mailing in issue could not have been in furtherance of the ticket-fixing scheme because Hoffman had completed the scheme by the time he made the mailing in issue. The short answer to Hoffman's challenge is that mailings made to conceal either the existence or the true nature of a criminal scheme fall within the ambit of federal prohibitions against mail fraud. As we observed in <u>United States v. Cross</u>, 128 F.3d 145 (3d Cir. 1997), "'the close relation of the mailings to the scheme does not turn on time or space, but on the dependence in some way of the completion of

3

the scheme *or the prevention of its detection* on the mailings in question.'" Id. at 150 (quoting United States v. Tarnopol, 561 F.2d 466, 471-72 (3d Cir. 1977)) (emphasis added). Cross reflects the self-evident proposition that the aim of virtually all criminal actors, including those who commit mail fraud, is not only to accomplish their criminal goals, but also to escape detection and liability for these misdeeds. Because the jury reasonably could have concluded that Hoffman made the mailing in question in an effort to conceal certain inculpatory dealings with Mirarchi, the District Court therefore rightly declined to set aside Hoffman's conviction for mail fraud.

We have reviewed Hoffman's other assignments of error and find them to be meritless.

## II.

For the foregoing reasons, we will affirm the decision of the District Court in all respects.