**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert Scott LIPPERT, Defendant— Appellant.**

No. 08–30255.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2009.

Filed April 16, 2009.

Nancy D. Cook, Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

William Matthew Butler, Esquire, Harrison, ID, for Defendant–Appellant.

Before: B. FLETCHER and THOMAS, Circuit Judges, and CONLON,* District Judge.

## MEMORANDUM **

Robert Scott Lippert appeals his conviction for mail fraud under 18 U.S.C. § 1341, and fraud to gain federal employees' compensation under 18 U.S.C. § 1920. All charges related to his claims for federal disability benefits. He challenges the sufficiency of the evidence. We affirm.

Lippert argues he did not cause the mailing of forms required to maintain eligibility for federal disability benefits. As to Count One, he contends there was no direct evidence he induced the July 1, 2000 mailing of a blank eligibility form concerning his employment and income for the previous 15 months. But Lippert was required to complete, certify and return the three mailed eligibility forms in order to qualify for disability payments in 2000, 2001, and 2002.

We must view the evidence in a light most favorable to the government. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003). Trial testimony supported a reasonable inference that by fraudulently seeking disability benefits, Lippert caused the mailing of eligibility forms required by law. 5 U.S.C. § 8106; 20 C.F.R. § 10.528. The mailing of the eligibility forms was a consequence of Lippert's claim for disability benefits. The mailings and Lippert's fraudulent responses were important steps

in executing his scheme. *Parr v. United States,* 363 U.S. 370, 390–91, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); *United States v. Mitchell,* 744 F.2d 701, 703–04 (9th Cir. 1984). His scheme centered on false eligibility statements and concealment of income; the mailings were part and parcel of the scheme. *See United States v. Serang,* 156 F.3d 910, 914 (9th Cir.1998) (a person causes the mails to be used if he "knows or can reasonably foresee that use of the mails will follow in the ordinary course of business"). Viewed in a light most favorable to the government, the evidence established beyond a reasonable doubt that Lippert caused the eligibility form mailings.

Lippert's conviction on Count Six for fraud in obtaining disability benefits is also supported by evidence beyond a reasonable doubt. His long overdue November 14, 2002 eligibility response contained multiple false statements concerning his income and business activities during the 15–month period ending in July 2001.

AFFIRMED.

---

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.