WALLACE, Circuit Judge,
concurring:
I concur in the majority’s judgment, but write separately to point out the opinion’s limited holding and unnecessary reasoning. First, though the majority uses the term “totality of the circumstances” as the test to determine whether a reasonable jury could conclude that a “lulling letter” was part of the fraud, the opinion actually affirms Tanke’s conviction based on just one circumstance, the limited period of time between the completed fraud and the September 16, 2004 lulling letter. That narrow focus wrongly implies a “statute of limitations” approach to mail fraud liability. Second, the majority incorrectly dismisses the weight of precedent from our sister circuits. The reasoning of those courts is more persuasive than that of the majority, and regardless, rejecting that reasoning is dicta.
The precise question before us is whether the letter Tanke sent on September 16, 2004 to conceal his check diversion scheme violated the federal mail fraud statute. In Section II.A.1, the majority states that “mailings designed to avoid detection or responsibility for a fraudulent scheme fall within the mail fraud statute when they are sent before the scheme is completed.” Infra at 1305. To determine when a scheme is completed, the majority “look[s] to the scope of the scheme as devised by the perpetrator.” Id. The majority rejects out-of-circuit decisions that the opinion says “extend liability further.” Id. at 1303. The majority concludes that the September 16, 2004 letter was part of the scheme “as devised by” Tanke because under the “totality of the circumstances” a reasonable jury could plausibly conclude that the letter “was a link in the fraudulent chain” of Tanke’s scheme. Id. at 1305.
Although the majority uses the term totality of the circumstances, plural, the opinion cites just one circumstance to support its conclusion that the September 16, 2004 letter was “the tail end” of Tanke’s fraud: “there was no such [three- to four-year] gap” between the letter and the achievement of the central objectives of scheme when Tanke diverted the last check. Id. The majority affirms Tanke’s conviction because only a few months passed between the last diversion of checks in July 2004 and the September 16, 2004 letter.
I concur with the majority that a lulling letter, sent to conceal a completed fraud, is mail fraud when under the totality of the circumstances a reasonable jury could plausibly conclude the letter was part of the scheme that a defendant devised.
*1309 However, I do not accept two unnecessary aspects of the majority’s opinion. First, the majority’s narrow focus on the singular circumstance of the “time gap” between fraudulent acts and the lulling letter is misleading, because it suggests a “statute of limitations” approach to liability. Contrary to the implication of the majority opinion, neither the mail fraud statute nor our cases set an automatic cutoff date for liability. The gap between the completion of the fraudulent acts and the misleading letter is merely one circumstance in our review of the jury’s decision. The majority offers no reason why a gap of a few months, by itself, would make the letter part of the fraud, while a gap of a few years would immunize a defendant from mail fraud liability. Such line-drawing immunity is inconsistent with our case law. See United States v. Mitchell, 744 F.2d 701, 703 (9th Cir.1984) (a letter is mail fraud “if the completion of the scheme or the prevention of its detection is in some way dependent upon the mailings”) (emphasis added); Sun Sav. & Loan Ass’n v. Dierdorff, 825 F.2d 187, 196 (9th Cir.1987) (affirming mail fraud liability for a misleading letter designed “to prevent the development of any suspicion” of the defendant, which was sent on September 26, 1984, more than six months after he made the final illicit cash deposit on March 15, 1984); cf. United States v. Lazarenko, 564 F.3d 1026, 1037 (9th Cir.2009) (reversing wire fraud conviction not simply because of the three year gap, but because “[njothing in the evidence supports an inference, let alone a conviction, on the grounds that the [concealment] were simply a delayed link in the fraudulent chain”); accord United States v. Stinson, 647 F.3d 1196, 1215-16 (9th Cir.2011) (interpreting Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), to mean that “recent acts of concealment” can be “in furtherance” of the initial conspiracy and thus properly part of the initial crime).
Second, the weight of out-of-circuit precedent may well “extend liability further” than the majority would in certain cases, because the out-of-circuit cases properly apply the totality of the circumstances test. See United States v. Hoffman, 229 Fed.Appx. 157, 158 (3d Cir.2007) (unpub.); United States v. Lopez, 71 F.3d 954, 961-62 (1st Cir.1995) (affirming wire fraud conviction for deceptive faxes sent within two years of the fraud), abrogated on other grounds by United States v. Wells, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997); United States v. Young, 955 F.2d 99, 108 (1st Cir.1992) (affirming mail fraud conviction for a deceptive letter sent about one year after the fraud); United States v. Tocco, 135 F.3d 116, 126 (2d Cir.1998) (affirming mail fraud conviction for a deceptive letter sent about four months after the fraud because “[a] factfinder could reasonably conclude that the [] letter was designed to ... defer any complaint to the authorities about the defendant ... thus making his apprehension less likely”); United States v. Bavers, 787 F.2d 1022, 1027 (6th Cir.1985) (affirming mail fraud conviction for letters sent about seven months after the fraud); cf. United States v. Evans, 473 F.3d 1115, 1121 (11th Cir.2006) (affirming a wire fraud conviction based on a misleading fax where defendant’s “motivation [was] to escape the legal consequences of [his] past frauds”). Regardless, the majority’s rejection of those cases is dicta given the actual holding of the opinion.
There are sufficient facts in the record to affirm Tanke’s conviction under an actual totality of the circumstances approach. Tanke used “sophisticated means” to con *1310 ceal his check diversions, infra at 1306-07; he sent emails to justify the diversions while disbursing money from the account, id. at 1299-1300; and there was also only a short gap between his last check diversion and the September 16 letter. Coupled with the “self-evident proposition that the aim of virtually all criminal actors, including those who commit mail fraud, is not only to accomplish their criminal goals, but also to escape detection and liability for these misdeeds,” Hoffman, 229 Fed.Appx. at 158, there was sufficient evidence before the jury that Tanke devised his scheme to “prevent the development of any suspicion” of his fraud by sending the September 16, 2004 letter, which thus constituted mail fraud. Dierdorff 825 F.2d at 196.