**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-962 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00127-CDS-BNW-1 |
| v. | MEMORANDUM[*] |
| BARRY RAY KNIGHT, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding.

Argued and Submitted June 6, 2024
Pasadena, California

Before: CLIFTON and COLLINS, Circuit Judges, and RODRIGUEZ,[**] District
Judge.

As explained in our concurrently filed opinion, we affirm Knight's

conviction for receipt and possession of child pornography in violation of,

respectively, 18 U.S.C. § 2252A(a)(2) and § 2252A(a)(5)(B), and we affirm his

sentence except to the extent that the district court failed to orally pronounce the

standard conditions of supervised release that were included in the written

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Xavier Rodriguez, United States District Judge for the Western
District of Texas, sitting by designation.

judgment. We address in this memorandum disposition the points raised by Knight on appeal that are not discussed in our published opinion.

1. Knight challenges the district court's denial of his motion to dismiss, for alleged vindictive prosecution, an additional charge (for receipt of child pornography) that was added in a superseding indictment. Reviewing the district court's legal conclusions de novo and its findings of fact for clear error, *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017), we affirm.

As the district court found, the prosecutor emailed Knight's counsel in May 2022, stating that, as the prosecutor had advised Knight's prior counsel, the Government was considering seeking a superseding indictment adding a charge for receipt or distribution of child pornography, which would carry a 15-year minimum sentence (as opposed to the 10-year minimum sentence applicable to the then-pending possession charge). Because the Government "wanted to provide [Knight] with an opportunity to negotiate the case before that decision was made," the prosecutor reiterated in the May 2022 email that, as the prosecutor had stated to Knight's prior counsel "at the outset of negotiations," "any pretrial motions (including discovery related) will be understood as a rejection of possible negotiation of the pending charges." Thereafter, in June 2022, the parties exchanged emails about defense proposals for resolving the case, but the Government rejected the proposals. In September 2022, the prosecutor sent a letter

2

to Knight's counsel stating that, if Knight wished to plead guilty to the then-pending possession charge "without a plea agreement" but with the benefit of acceptance of responsibility under the Sentencing Guidelines, defense counsel should inform the prosecutor before the pretrial motion deadline of October 3, 2024. If Knight did not do so and instead filed a pretrial motion, the Government would proceed with obtaining a superseding indictment adding a receipt charge and the Government would begin preparing for trial. When Knight filed a pretrial motion to compel discovery, the Government obtained a superseding indictment adding a receipt charge.

The district court properly held that there was no vindictive prosecution here. A prosecutor does not engage in vindictive prosecution in violation of the Due Process Clause by "openly present[ing] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). The fact that the Government's presentation of the two choices in its September 2022 letter did not take the form of a formal written plea agreement does not distinguish this case from *Bordenkircher*. Likewise, the holding of *Bordenkircher* remains applicable here even though the prosecutor's letter stated that the Government would consider the filing of a pretrial motion before the applicable deadline as an indication that Knight was not interested in pleading guilty to the then-current indictment and that

3

he would instead prefer to proceed to trial. *See United States v. Kent*, 649 F.3d 906, 914 (9th Cir. 2011) (holding that prosecutors may "condition[] . . . plea agreements on acceptance of terms apart from pleading guilty" and "may make good on threats to enhance charges if these conditions are not accepted").

2. Knight challenges the district court's denial of his motion to extend the pretrial motions deadline. Knight sought the continuance so that he could refile his motion to compel (after his first motion was denied without prejudice) and file a related motion to suppress. We review the denial of a continuance only for "a clear abuse of discretion." *United States v. Mitchell*, 744 F.2d 701, 704 (9th Cir. 1984). We consider "(1) the extent of the defendant's diligence in readying the defense; (2) the likelihood that the continuance would have satisfied the defendant's need; (3) the inconvenience to the court, opposing party, and witnesses; and (4) the extent to which the defendant may have been harmed" by the denial of a continuance. *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991). The fourth factor is the most important, because "the defendant must show that the denial resulted in actual prejudice to his defense." *Mitchell*, 744 F.2d at 704.

Here, Knight failed to show prejudice. Knight sought a continuance so that he could obtain discovery in support of a motion to suppress on the ground that the investigators' use of Torrential Downpour violated the Fourth Amendment. But

4

Knight failed to provide any plausible factual or legal basis to support the view that the files that he made available to members of the public for sharing on a peer-to-peer network were protected by a reasonable expectation of privacy. *United States v. Borowy*, 595 F.3d 1045, 1047–48 (9th Cir. 2010); *United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008). Moreover, the district court did not abuse its discretion in concluding that Knight had not been diligent in pursuing discovery about Torrential Downpour. Knight knew about that program from the beginning of his case and yet did not file his motion to compel until over a year after the initial indictment. There was no prejudicial abuse of discretion in denying the requested continuance of the pretrial motions deadline.

3. Knight argues that the district court erred in enhancing his sentence for having engaged in the knowing distribution of child pornography. U.S.S.G. § 2G2.2(b)(3)(F). But the district court did not abuse its discretion in determining that the Government had proved, by a preponderance of the evidence, that Knight had knowingly "post[ed] material involving the sexual exploitation of a minor on a website for public viewing." *Id*. § 2G2.2, app. note 1; *United States v. Vallejos*, 742 F.3d 902, 909 (9th Cir. 2014). The evidence amply supported a conclusion that Knight was aware that his use of peer-to-peer file-sharing would result in others obtaining child pornography from him. The programs that he used informed users that files users downloaded would be publicly shared with other users

5

automatically. The district court also heard evidence that Knight had used file-sharing programs for a "decade," which supported a strong inference that he understood their basic operations.

4. We review for abuse of discretion the district court's imposition of two additional special conditions of supervised release. *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010).

Knight contends that the condition requiring him to "submit to periodic polygraph testing" violates his Fifth Amendment right against self-incrimination. But Knight "will retain" his Fifth Amendment rights "during his polygraph exams," and "the condition does not require [him] to answer incriminating questions." *United States v. Stoterau*, 524 F.3d 988, 1003–04 (9th Cir. 2008) (citation omitted). Knight also argues more generally that polygraph testing is unreliable, but he has not established that the district court abused its discretion in concluding that it would be helpful in supervising Knight.

Knight also challenges two special conditions that permit the government to monitor activities on his computers and to conduct "periodic, unannounced searches" of those computers. Knight argues that these conditions are overbroad because they fail to specify precisely how intrusive the monitoring and searches will be. *See United States v. Sales*, 476 F.3d 732, 737–38 (9th Cir. 2007). But Knight did not object to these conditions below, and they survive plain-error

6

review.  Construing these conditions in the context of the full package of supervised release conditions, we think it is sufficiently clear that the monitoring and search authority authorized by the challenged conditions is limited to ensuring that Knight's devices do not contain "prohibited data" (such as the pornographic depictions referenced in another supervised release condition).  We affirmed a similar monitoring and search condition in *United States v. Goddard*, 537 F.3d 1087, 1090 & n.3 (9th Cir. 2008), and we cannot say that the district court committed plain error here.

For these reasons, and those stated in our concurrently filed opinion, we affirm Knight's conviction and sentence, but we vacate the standard conditions of supervised release in his written sentence and remand for the limited purposes set forth in our opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**