UNITED STATES of America,
Plaintiff–Appellee,

v.

Rafael GARCIA–VALENZUELA,
Defendant–Appellant.

No. 99–50175.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2000

Filed Dec. 1, 2000

Benjamin P. Lechman, Federal Public Defender's Office, San Diego, California, for the appellant.

Micheal G. Wheat, Assistant United States Attorney, San Diego, California, for the appellee.

Before: CANBY and W. FLETCHER, Circuit Judges, and SEDWICK,[1] District Judge.

William A. FLETCHER, Circuit Judge:

The district court denied the government's motion to dismiss several counts of the indictment against defendant. After the denial, defendant pled guilty to two of the counts the government had sought to dismiss. Defendant now appeals. We hold that defendant may challenge the denial of the government's motion despite having entered a guilty plea. We further hold, on the merits, that denial of the government's motion was an abuse of discretion. Accordingly, we vacate the judgment of the district court and remand with instructions.

I

Defendant Rafael Garcia–Valenzuela, a minor player in a series of drug deals, was indicted on five counts of a six-count indictment. He was charged with knowingly

**1.** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

and intentionally possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and with aiding and abetting in violation of 18 U.S.C. § 2. As part of plea negotiations, the government sought to allow Garcia–Valenzuela to plead guilty to only the third count of the indictment, a count that did not carry a mandatory minimum sentence.

During a series of hearings before the district judge, it had become apparent to the district judge, prosecutor, and defense counsel that Garcia–Valenzuela was unwilling to plead to a reduced charge because he was afraid of his co-defendant Regino Renteria. Renteria, who was charged in the fifth and sixth counts of the same indictment, had been Garcia–Valenzuela's "boss" during the drug transactions and wanted Garcia–Valenzuela to plead guilty to all of the counts against him. At one of the hearings, the district judge stated that she was "concerned" that "Mr. Garcia is terrified of Mr. Renteria." Out of concern for the influence of Renteria over Garcia–Valenzuela, the district judge ordered that the two co-defendants be physically separated and agreed to the prosecutor's proposed separation order for the remainder of the pre-trial period. At sentencing, the prosecutor recounted to the district judge that, during a meeting with the defendants and counsel, Renteria had told Garcia–Valenzuela, with apparent reference to the counts to which he should plead, "You're everything. Do you understand? You're everything."

On the day before trial, the Assistant United States Attorney moved to dismiss all counts against Garcia–Valenzuela except the third. This motion was not part of a plea agreement. If granted, the motion would have allowed Garcia–Valenzuela, subsequently, to plead to "everything" charged against him without exposing him to a mandatory minimum sentence. Defense counsel stated that he had no objection to the government's motion. When asked by the district judge whether he wanted to plead guilty, however, Garcia–Valenzuela said that he did not. The district judge then stated that she had not

acted on the government's motion to dismiss the other counts; she was "trying to see what he want[ed] to do." Pressed further, Garcia–Valenzuela said he wanted to go to trial rather than plead guilty.

After the district judge declared that the trial would go forward, Garcia–Valenzuela addressed the court personally and volunteered to plead to count five, one of the counts the Government had moved to dismiss. The district judge began a plea colloquy on count five, at which time Garcia–Valenzuela said "I want to plead guilty to the heroin also," referring to the sixth count. The district judge then allowed Garcia–Valenzuela to plead guilty to both counts five and six. Both counts carried mandatory minimum sentences. Following the plea, the district judge sentenced Garcia–Valenzuela to sixty months, the mandatory minimum sentence necessitated by his plea.

This appeal raises two questions. First, may Garcia–Valenzuela challenge the denial of the government's motion to dismiss despite his guilty plea? Second, if we can reach the merits of Garcia–Valenzuela's challenge, did the district court err in denying the motion to dismiss? We answer both questions in the affirmative.

## II

■ As a general rule, a defendant who enters a voluntary and intelligent guilty plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), however, the Supreme Court established exceptions to the bar on post-plea collateral challenges.

In *Blackledge,* the Court held that the defendant's guilty plea did not foreclose a claim that vindictive prosecution violated

his due process rights. The Court found that the constitutional claim in *Blackledge* was "markedly different" from the claims that had been previously held to be barred. *See Blackledge,* 417 U.S. at 30, 94 S.Ct. 2098. Although the barred claims in other cases "were of constitutional dimensions, none went to the very power of the State to bring the defendant into court to answer the charge brought against him." *Id.* The Court found that "[t]he very initiation of the proceedings against him ... operated to deny him due process of law," and concluded that the State "simply could not permissibly require [defendant] to answer to the felony charge." *Id.* at 30–31, 94 S.Ct. 2098.

In *Menna,* the defendant was allowed to assert a claim that the indictment under which he pled guilty had placed him in double jeopardy. The Court in *Menna* drew a fundamental distinction between post-plea constitutional challenges that implicated the factual guilt of the defendant, and those that were independent of factual guilt. In discussing its previous decisions, the Court stated that

> a counseled plea of guilty is an admission of factual guilt so reliable that ... it *quite validly* removes the issue of factual guilt from the case.... A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

423 U.S. at 62–63 n. 2, 96 S.Ct. 241 (emphasis in original). Because the Court found that the charge against Menna violated his right to be free from double jeopardy, the charge was one "which the State may not constitutionally prosecute." *Id.* That is, the charge was "logically inconsistent with the valid establishment of factual guilt" because the State could not, consistent with the protection against double jeopardy, validly proceed with the prosecution. The Court therefore held that the constitutional challenge was not waived by the guilty plea. *See id.*

Since *Blackledge* and *Menna,* federal courts of appeals have held a number of constitutional claims not barred by a guilty plea. In addition to claims of vindictive prosecution and double jeopardy, our circuit has recognized claims that the statute under which the defendant was indicted was unconstitutional, *see Journigan v. Duffy,* 552 F.2d 283 (9th Cir.1977); that the indictment failed to state an offense, *see United States v. Caperell,* 938 F.2d 975 (9th Cir.1991), *United States v. Broncheau,* 597 F.2d 1260 (9th Cir.1979); and that the statute on its face was unconstitutionally vague, *see United States v. Sandsness,* 988 F.2d 970 (9th Cir.1993). We have also viewed as "plausible" a claim of selective prosecution. *See United States v. Cortez,* 973 F.2d 764, 767 (9th Cir.1992). Although we have not found a case on point in our circuit, other circuits are currently split on the question of whether a guilty plea can be challenged where the plea occurs before a judge who has denied a defendant's motion for recusal. *Compare United States v. Chantal,* 902 F.2d 1018 (1st Cir.1990) (an unconditional guilty plea does not waive the appeal of a disqualification motion) *with United States v. Gipson,* 835 F.2d 1323 (10th Cir.1988) (an unconditional guilty plea waives the appeal of a disqualification motion).

Although the dividing line "has not been crystal-clear" between claims that are barred by an unqualified guilty plea and those that are not, *United States v. Montilla,* 870 F.2d 549, 552 (9th Cir.1989), we believe that Garcia–Valenzuela's claim is not barred.[2] The question he seeks to present is whether, consistent with the separation of powers, the judiciary may encroach upon the right of the executive to

---

**2.** The Supreme Court has limited claims falling under the *Blackledge/Menna* exception to those that can be proved by relying on the face of the indictment and on the record as it existed when the trial judge accepted the guilty plea. *See United States v. Broce,* 488 U.S. 563, 575–76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Because no further fact-finding is needed in this case, the *Broce* limitation does not affect our decision.

make basic decisions as to who may be criminally charged, and with what they may be charged.

We hold that the defendant's claim is not waived by an unconditional guilty plea. Like the claims in *Blackledge* and *Menna*, Garcia–Valenzuela's claim is entirely independent of the question of his factual guilt. The *Blackledge* and *Menna* claims challenged the power of the government to hale a defendant into court. Here, defendant challenges the power of the government to keep a defendant in court, and thereby to subject him to prosecution on charges the prosecutor has unilaterally moved to dismiss. Further, as in *Blackledge* and *Menna*, defendant does not challenge the evidence brought against him or the manner in which that evidence was gathered. Rather, defendant's claim goes to the "very power of the State" to accept his guilty plea, *Blackledge*, 417 U.S. at 30, 94 S.Ct. 2098, and therefore "stand[s] in the way" of conviction, *Menna*, 423 U.S. at 63 n. 2, 96 S.Ct. 241.

### III

■ We next address the merits of defendant's claim that the district court abused its discretion in denying the prosecutor's motion to dismiss counts in the indictment. Under Rule 48(a) of the Federal Rules of Criminal Procedure, the Government may file a dismissal of an indictment, information, or complaint "by leave of court." Fed.R.Crim.P. 48(a).[3] We review a district court's decision whether to grant the motion to dismiss under an abuse of discretion standard, but we have emphasized that "the district court's discretion to deny leave is limited." *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir.1995).[4]

■ The government often charges multiple counts in its indictment, only to add or subtract counts during the course of the prosecution. When the government moves to dismiss counts in an indictment, the district court has limited discretion to deny the motion. The limitation on its discretion is based on separation of powers. "[U]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys." *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986). "The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws.... As a result, the presumption of regularity supports their prosecutorial decisions...." *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (internal quotation marks omitted). Because "[t]he decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate," *Gonzalez*, 58 F.3d at 462, a district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute.

Rule 48(a) represents a departure from the common law, under which the government had an almost unfettered right to enter a nolle prosequi. *See id.* at 460–61; *see also United States v. Cowan*, 524 F.2d 504, 505–506 (5th Cir.1975). Although the

---

3. Rule 48(a) reads in full: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

4. We have recognized that a court's power to deny a prosecutor's motion to dismiss under Fed.R.Crim.P. 48(a) is more limited than its discretion under Fed.R.Crim.P. 11(e)(2) to reject a plea bargain that includes dismissal of a

charge. *See United States v. Miller*, 722 F.2d 562, 565–66 (9th Cir.1983). Even under Rule 11(e)(2), however, we have overturned a district court's blanket policy to reject all plea bargains that reduced multi-count charges to one count. That policy, which the district court imposed in order to prevent prosecutorial limitation of judicial sentencing discretion, was held invalid in part because it violated the separation of powers by interfering with the prosecutor's exclusive power to make charging decisions. *See id.* at 565.

standards for when a district judge may deny leave under Rule 48(a) have not been fully articulated, the Supreme Court has found that the principal purpose of the leave-of-court requirement is "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). Where a defendant consents to the government's move to dismiss, it is not clear that the district court has any discretion to deny the government's motion.[5] The Supreme Court reserved judgment on this question in *Rinaldi,* and our circuit has also refrained from stating a general rule. The only standard that we have recognized as possibly being appropriate to such cases is "whether the motion was clearly contrary to manifest public interest." *Gonzalez,* 58 F.3d at 462 (internal quotation marks omitted).

 In this case, there is no evidence of prosecutorial harassment or that the government's motion was contrary to public interest. The government sought to dismiss counts in an indictment so that a minor player in a drug operation could plead guilty to reduced charges and avoid the wrath of his co-defendant. Giving the defendant the opportunity to plead to reduced charges prior to trial, with the cooperation and consent of defense counsel, is not prosecutorial harassment. To the contrary, the government appears to have made its motion in complete good faith, a fact that is of fundamental importance in deciding whether to grant leave of court under Rule 48(a). *See United States v. Wallace,* 848 F.2d 1464, 1468 (9th Cir. 1988). Moreover, the district court gave

no indication that it thought that the government's motion was in any way contrary to the public interest. We therefore hold that the district court abused its discretion in denying the government's motion to dismiss.

### IV

The judgment of the district court is vacated and the matter remanded to the district court with instructions to reinstate count three of the indictment, dismiss the remaining counts, and permit Garcia–Valenzuela to plead to count three.

**VACATED AND REMANDED** with instructions.

---

5. The unusual facts of this case make it difficult to determine whether to consider it one in which defendant has objected or consented to the government's motion to dismiss counts. Defendant first, through his lawyer, had no objection to the dismissal of counts; later, after being questioned directly about his plea, defendant refused to plead; finally, defendant himself volunteered to plead to the counts that the government had sought to dismiss. We believe we do not need to resolve this question, because the consent of the defendant is required by Rule 48(a) only after trial has begun. *See United States v. Valencia,* 492 F.2d 1071, 1074 (9th Cir.1974) ("Consent of appellant was not necessary since trial had not yet commenced.").