**UNITED STATES of America,**

v.

**Raymond DAVIS, Appellant.**

No. 01–2622.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) June 5, 2002.

Decided June 6, 2002.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

OPINION OF THE COURT

BARRY, Circuit Judge.

Raymond Davis pled guilty to possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Davis attacks his conviction, arguing that the District Court committed reversible error when it denied his request for discovery to establish that he was the victim of selective prosecution. In the alternative, Davis

argues that the District Court erred when it sentenced him because it declined to downward depart from the United States Sentencing Guidelines. We have jurisdiction to review the denial of discovery and the resulting conviction pursuant to 28 U.S.C. § 1291. As discussed below, we lack jurisdiction to review the District Court's discretionary refusal to depart.

Because the parties are familiar with the facts, we need not recite them in great detail here. Suffice it to say that on March 2, 2000, police officers in Cumberland County, New Jersey, executed a search warrant at the residence of Davis and his fiancée, Carmen Colon. The police found marijuana and crack cocaine in the master bedroom closet, including 245 grams of crack cocaine in a pair of Davis' pants. Davis and Colon were both charged with state drug law violations, but only Davis was charged with federal violations. Davis made several pre-trial motions in the District Court, including a motion to "require the Government to produce proof regarding [his] referral for federal prosecution." App. at 10. Davis, an African–American, claimed that federal charges were brought against him and not Colon, a woman of Hispanic descent, simply because he was black. The Government maintained that only Davis was charged because the evidence strongly indicated that the crack cocaine found in Davis' pants belonged to him, not to Colon. The District Court denied Davis' motion for pre-trial discovery, finding Davis' claim of selective prosecution unavailing.

On January 25, 2001, Davis knowingly, voluntarily, and unconditionally pled guilty to the possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The District Court subsequently held a sentencing hearing, at which it granted Davis a two-level minor role adjustment pursu-ant to U.S.S.G. § 3B1.2(b). The Court granted an additional two-level "safety valve" adjustment, thereby allowing Davis to avoid a mandatory minimum of 10 years in prison. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Although Davis had expressed remorse, enrolled in academic classes, applied for a drug counseling program, and acquired a job in prison, the District Court declined to grant Davis' request for a downward departure based upon his post-offense rehabilitation efforts or other allegedly remarkable factors. Noting that Davis had been arrested eight times and was "clearly a danger to society," the District Court sentenced him to 76 months in prison. App. at 45–46.

## A. Selective Prosecution Claim Forfeited

█ Davis claims that the Government decided to charge him with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 because of his race, thereby violating his constitutional rights under the Equal Protection Clause and Due Process Clause. He argues that his unconditional plea of guilt does not preclude him from attacking the District Court's decision to deny him discovery regarding this selective prosecution claim. Generally, when the accused in a criminal proceeding enters an unconditional plea of guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (citing *Brady v. United States*, 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 798, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970)). A defendant does not waive his right to appeal, however, when the record existing at the time of the plea makes it

clear that the government did not have the power to constitutionally "hal[e] a defendant into court on a charge." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)). In such cases, the defendant may retain a basis for appeal, often referred to as a "jurisdictional defense."

The precise definition of a jurisdictional defense is not entirely clear. The Supreme Court has held that double jeopardy constitutes a jurisdictional defense. *Menna*, 423 U.S. at 62, 96 S.Ct. 241. The Eighth Circuit has held that an "indictment [that] on its face fails to state an offense" also qualifies. *United States v. Fitzhugh*, 78 F.3d 1326, 1330 (8th Cir.1996) (quoting *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir.1988)). The Ninth Circuit has stated that a jurisdictional defense exists if the statute under which charges are brought is facially unconstitutional. *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir.1992) (citing *Menna*, 423 U.S. at 62, 96 S.Ct. 241). The Supreme Court has also held that claims of vindictive prosecution constitute a jurisdictional defense. *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). To date, however, no court has explicitly ruled on whether a selective prosecution claim would constitute a jurisdictional defense.[1]

While it is an interesting legal question, this case does not require us to decide whether an unconditional guilty plea results in the waiver of a selective prosecution claim.[2] The jurisdictional claim exception is limited "to those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record.*" *Cortez*, 973 F.2d at 767 (emphasis in original) (citing *Broce*, 488 U.S. at 569, 109 S.Ct. 757). When Davis entered his guilty plea, nothing on the face of the indictment or in the record indicated that he was being selectively prosecuted. Accordingly, Davis is barred from attacking his plea on those grounds.

Davis counters that no evidence existed to show selective prosecution at the time

**1.** The Ninth Circuit has stated—without deciding—that "selective prosecution could be a jurisdictional claim." *Cortez*, 973 F.3d at 767. The Court based this observation, in part, on the fact that "vindictive prosecution and selective prosecution [are] so similar as to warrant comparable treatment with respect to interlocutory appealability." *Id.; see also United States v. Garcia–Valenzuela*, 232 F.3d 1003, 1006 (9th Cir.2000)(noting that it is "plausible" that an unconstitutional guilty plea dose not bar a claim of selective prosecution and vindictive prosecution ... [t]he interests involved are the same").

**2.** If the case did require us to determine whether a selective prosecution claim constituted a jurisdictional defense, it is far from clear that we should follow the Ninth Circuit's suggestion that it does. Note 1, *supra*. In *United States v. Stuttley*, the Eighth Circuit considered a claim almost identical to the one before us. 103 F.3d 684 (8th Cir.1996). There, as here, the criminal defendants "claim[ed] that they were subjected to selective prosecution in violation of their equal protection and due process rights." *Id.* at 686. The defendants "argue[d] that the district court erred in denying their motions for discovery and a hearing on the discovery issue." *Id.* The Court held that it could not hear their arguments because they had "waived [the] claim by entering unconditional guilty pleas." *Id.* (citing *Tollett*, 411 U.S. at 267). While the Eighth Circuit did not explicitly hold that selective prosecution claims are non–jurisdictional defenses, that conclusion surely is implicit. *See also United States v. Knight*, 96 F.3d 307, 309 (8th Cir.1996) (holding that defendant waived his selective prosecution claim by entering an unconditional guilty plea); *United States v. Suter*, 755 F.2d 523, 527 (7th Cir.1985) (holding the same).

he pled guilty because he had been denied pre-trial discovery. While this may be so, it does not change the result here. Davis voluntarily and unconditionally pled guilty after the alleged constitutional violation occurred, thereby waiving his right to appeal that violation. If he wished to preserve a selective prosecution claim, he should have sought to enter a *conditional* plea of guilty in accordance with Fed. R.Crim.P. 11(a)(2). *United States v. Suter*, 755 F.2d 523, 527 (7th Cir.1985). This would have enabled him to have argued to us that there should be a remand for purposes of obtaining the discovery he believed he needed.[3]

**B.  No Jurisdiction to Review Decision Not to Depart from Sentencing Guidelines**

▮ Davis also argues that the District Court erred when it declined to depart from the Sentencing Guidelines. He asserts that he deserved a downward departure based upon his post-offense rehabilitation efforts or a combination of other remarkable factors. Post-offense rehabilitation may constitute a ground for a departure where the defendant's efforts are "exceptional." *United States v. Sally*, 116 F.3d 76, 80 (3d Cir.1997). Similarly, a combination of other remarkable factors may justify a downward departure, although such cases are "extremely rare." U.S.S.G. § 5K2.0, Commentary. In either case, the District Court's decision to grant or not grant a downward departure is dis-cretionary. *United States v. Yeaman*, 248 F.3d 223, 227 (3d Cir.2001); U.S.S.G. § 5K2.0, Commentary.

Generally, "we lack jurisdiction to review a refusal to depart downward when the district court ... determines that a departure is not warranted." *See, e.g.*, *United State Marin–Castaneda*, 134 F.3d 551, 554 (3d Cir.1998) (internal quotations omitted) (citing *Sally*, 116 F.3d at 78). A limited exception exists when the sentencing court "believes it lacks the authority" to depart downward. 134 F.3d at 554. Here, however, it is abundantly clear that the District Court knew it had the authority to depart and simply chose not to do so. App. at 43–44. Thus, while Davis may not agree with the District Court's decision, we lack the jurisdiction to review it.[4]

For the foregoing reasons, we will affirm Davis' conviction and will not disturb the sentence imposed by the District Court.

---

**3.** Even if Davis had entered a conditional plea, it is doubtful in the extreme that he would have prevailed on appeal. To obtain pre-trial discovery in support of a selective prosecution claim, a defendant must make "a credible showing if different treatment of similarly situated persons." *United States v. Armstrong*, 517 U.S. 456, 470, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Davis and Colon do not appear to have been "similarly situated." The evidence strongly indicates that the crack cocaine found in their residence belonged to

Davis. The evidence also shows that Davis, unlike Colon, regularly engaged in the sale of drugs out of their residence.

**4.** If we had jurisdiction, we would review the District Court's decision for abuse of discretion. *United States v. Abuhouran*, 161 F.3d 206, 209 (3d Cir.1998). Nothing in the record indicates that the District Court abused its discretion here.