**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

BUD RAY BROWN,
*Defendant-Appellant.*

No. 16-30143

D.C. No.
2:16-cr-00019-
JLQ

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted October 3, 2017
Seattle, Washington

Filed November 21, 2017

Before: Kermit Victor Lipez,[*] Kim McLane Wardlaw,
and John B. Owens, Circuit Judges.

Opinion by Judge Lipez

---

   [*] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed the district court's denial of a pre-plea motion to dismiss an indictment in a case in which the defendant pleaded guilty to attempted escape in violation of 18 U.S.C. § 751(a).

The defendant moved to dismiss on two grounds. His jurisdictional claim asserted that the district court could not charge him under § 751(a) because he was not in federal custody at the time of the attempted escape. His prosecutorial vindictiveness claim argued that the timing of the indictment – filed approximately five months after the attempted escape and only after the defendant's declaration was introduced in his cell mate's trial – created a presumption of prosecutorial vindictiveness.

The panel held that the defendant's unconditional guilty plea does not preclude this court from considering the merits of his appeal because both of the defendant's challenges qualify as jurisdictional claims.

The panel held that a federal prisoner remains in federal "custody" for purposes of § 751(a), even when housed at a state institution pursuant to writ of habeas corpus ad prosequendum, and that the district court therefore did not err in refusing to dismiss the indictment for lack of jurisdiction.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court likewise did not err in denying the defendant's motion to dismiss on prosecutorial vindictiveness grounds. The panel explained that the mere fact that the government decided to indict the defendant after obtaining his written declaration does not create a presumption of vindictiveness.

## COUNSEL

Bryan Paul Whitaker (argued), Spokane, Washington, for Defendant-Appellant.

Russell E. Smoot (argued), Assistant United States Attorney, United States Attorney's Office, Spokane, Washington, for Plaintiff-Appellee.

## OPINION

LIPEZ, Circuit Judge:

For the first time in this circuit, we address the impact of a writ of habeas corpus ad prosequendum on the question of whether an inmate serving a federal sentence remains under "the custody of the Attorney General" as per 18 U.S.C. § 751(a) when he is held at a state-run institution pursuant to the writ. Bud Ray Brown appeals the district court's denial of his pre-plea motion to dismiss, filed, in part, on the ground that he was not in federal custody as a matter of law at the time of the attempted escape. We now hold that Brown remained under the custody of the Attorney General for purposes of § 751(a) despite his incarceration at a state-run jail, and affirm the judgment of the district court in full.

## I.

In July 2013, Brown was sentenced to a fifteen-year term of incarceration after pleading guilty to the possession of a firearm in violation of 18 U.S.C. § 922(g)(1)&(2). Brown was initially incarcerated at a federal penitentiary in Virginia. In July 2014, the State of Washington obtained a writ of habeas corpus ad prosequendum, seeking Brown's transfer so that he could face a first degree murder charge. Brown was thereafter moved to the Spokane County Jail. On August 20, 2015, persons outside of the jail observed a rope hanging from the window of Brown's cell. Someone had removed the cell's window and thrown various items out of the opening. Brown shared his cell with another inmate, James Henrikson, who was awaiting trial on federal charges. Neither Brown nor Henrikson were immediately charged with attempted escape for this conduct.

In December 2015, during Henrikson's trial, the government moved to admit the August escape attempt as evidence of Henrikson's guilty conscience. In response, Henrikson's counsel introduced a handwritten declaration by Brown stating that Brown, not Henrikson, "had been plotting an escape for some time," and that Brown was the one responsible for causing damage to the cell window. In February 2016, Brown was indicted in the Eastern District of Washington on the charge of attempted escape, in violation of 18 U.S.C. § 751(a).

Brown moved to dismiss the indictment for lack of jurisdiction or, in the alternative, for prosecutorial vindictiveness. Brown's jurisdictional claim asserted that he was not in federal custody at the time of the attempted escape. Therefore, the government could not charge him under 18 U.S.C. § 751(a). Brown's prosecutorial vindictiveness claim argued that the timing of the

indictment—filed approximately five months after the attempted escape and only after Brown's declaration was introduced in Henrikson's trial—created a presumption of prosecutorial vindictiveness. On April 1, 2016, the district court denied the motion and, immediately thereafter, Brown entered a guilty plea without a written plea agreement. Brown was later sentenced to 41 months' imprisonment, to run consecutively with his existing federal sentence. Brown timely filed a Notice of Appeal, challenging the district court's adverse ruling on his pretrial motion to dismiss.

## II.

### A. Preclusion

As a threshold inquiry, we must first determine whether Brown's guilty plea precludes us from considering the merits of his appeal. The entry of an unconditional guilty plea precludes appellate review of most challenges to pre-plea rulings. *See United States* v. *Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (en banc) (collecting cases). Here, Brown's plea, entered without a written plea agreement or other memorialization of reservations, was unconditional. *See* Fed. R. Crim. P. 11(a)(2) (stating that, to enter a conditional plea, a defendant must reserve in writing "the right to have an appellate court review an adverse determination of a specified pretrial motion"). We "strictly" read the requirements of Rule 11(a)(2). *United States* v. *Cortez*, 973 F.2d 764, 766 (9th Cir. 1992).

An unconditional plea does not, however, bar consideration of the merits of all claims arising from pre-plea rulings. We may still consider "jurisdictional claims," i.e., those challenging a conviction independently of the question of factual guilt. *See id.* at 766–67 ("A plea of guilty to a charge does not waive a claim that the charge is one

which the government constitutionally may not prosecute."); *see also Menna* v. *New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam).          Both of Brown's challenges qualify as jurisdictional claims. The Supreme Court held in *Blackledge* v. *Perry* that the merits of a vindictive prosecution claim are reviewable even after entry of an unconditional plea because the defendant is contending that "the very initiation of the proceedings against him" constitute a denial of the due process of law.  417 U.S. 21, 30–31 (1974); *see also United States* v. *Garcia-Valenzuela*, 232 F.3d 1003, 1005–06 (9th Cir. 2000).  Likewise, Brown's claim involving the legal status[1] of his custody challenges the government's power to bring the indictment "at the time the plea was entered on the basis of the existing record."  *United States* v. *Broce*, 488 U.S. 563, 575 (1989).  If Brown's confinement did not qualify as federal custody, the government would have had no grounds from the outset to hail him into court pursuant to 18 U.S.C. § 751(a).  Accordingly, we consider the merits of each of these claims in turn.[2]

---

[1] Repeatedly characterizing the question of federal custody as a dispute of fact, the government argues that the claim should be treated as an evidentiary challenge.  The government misunderstands the relevant issue. None of the facts concerning Brown's custody—why was Brown imprisoned, where was Brown incarcerated, on what basis was he incarcerated at that location—are in dispute.  Rather the question is purely legal: given the undisputed facts of Brown's custody, does such custody qualify as "custody of the Attorney General" as per 18 U.S.C. § 751(a)?

[2] Other claims previously classified as jurisdictional include: double jeopardy, *Menna*, 423 U.S. at 62; the district court's lack of power to keep a defendant in court, *Garcia-Valenzuela*, 232 F.3d at 1007; unconstitutional vagueness, *United States* v. *Sandsness*, 988 F.2d 970, 971 (9th Cir. 1993); failure of the indictment to properly state an offense, *United States* v. *Broncheau*, 597 F.2d 1260, 1262–63 (9th Cir. 1979);

## B. Legal Custody Status

Brown asserts that he was improperly charged with attempted escape under 18 U.S.C. § 751(a) because he was not in federal custody at the time of the events in question. Section 751(a) applies, in part, to individuals who "escape[] or attempt[] to escape from the custody of the Attorney General or his authorized representative." 18 U.S.C. § 751(a). Brown argues that, even though he was serving a sentence imposed by a federal judgment, he was incarcerated at the Spokane County Jail pursuant to a writ of habeas corpus ad prosequendum in order to answer state criminal charges.

We have not previously addressed this precise legal question: does "custody of the Attorney General" for purposes of § 751(a) continue when a federal prisoner is held at a state prison pursuant to a writ of habeas corpus ad prosequendum? We have, however, previously decided that a prisoner's prior custody status persists in the inverse scenario: when a state prisoner is transferred to a federal detention facility pursuant to a writ of habeas corpus ad prosequendum. In *Thomas* v. *Brewer*, we held that "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." 923 F.2d 1361, 1367 (9th Cir. 1991) (quoting *Crawford* v. *Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). We see no basis for distinguishing between the state and federal custody analysis in these two scenarios.

---

and unconstitutionality of the statute under which the defendant was indicted, *Journigan* v. *Duffy*, 552 F.2d 283, 289 (9th Cir. 1977).

Moreover, we have previously concluded in the related context of 18 U.S.C. § 1072 that a federal prisoner housed in a designated state facility remains in federal custody as a matter of law. *See United States* v. *Hobson*, 519 F.2d 765, 771 (9th Cir. 1975). Section 1072 makes it unlawful to "willfully harbor[] or conceal[] any prisoner after his escape from the custody of the Attorney General or from a Federal penal or correctional institution." 18 U.S.C. § 1072. We held in *Hobson* that "escape from an institution designated by the Attorney General, pursuant to a commitment to his custody, under a federal sentence, is an escape from 'the custody of the Attorney General' in the legal sense, even though the institution is run by the State." 519 F.2d at 771; *see also United States* v. *Eaglin*, 571 F.2d 1069, 1073 (9th Cir. 1977). Based on the similarity in subject matter between § 751(a) and § 1072, as well as the identical use of the phrase "custody of the Attorney General" in both statutes, we adhere to a consistent interpretation of "custody."

Hence, the district court did not err in denying Brown's motion to dismiss on the ground that Brown was in federal custody as a matter of law pursuant to § 751(a).[3]

---

[3] In concluding that a federal prisoner remains in federal "custody" for purposes of § 751(a) even when housed at a state institution pursuant to writ of habeas corpus ad prosequendum, we join the interpretations of the Fourth and Seventh Circuits. *See United States* v. *Maday*, 799 F.3d 776, 777 (7th Cir. 2015) (transferring a federal inmate "by virtue of a writ of habeas corpus *ad prosequendum*" retains enough federal interest "to justify charging him with escaping from federal custody even though the actual custodians from whom he escaped were state employees"); *United States* v. *Evans*, 159 F.3d 908, 911 (4th Cir. 1998) ("a writ of habeas corpus *ad prosequendum* does not effect a transfer of custody for purposes of § 751(a) ").

## C. Prosecutorial Vindictiveness

Brown also contends that the district court erred in denying his motion to dismiss on the ground that the indictment was brought due to prosecutorial vindictiveness. To the extent the "vindictive prosecution inquiry turns upon a district court's proper application of the law, our review is de novo." *United States* v. *Kent*, 649 F.3d 906, 912 (9th Cir. 2011). To the extent a determination of vindictive prosecution turns upon factual findings, we review for clear error. *Id.*

Although Brown may establish a vindictive prosecution claim "by producing direct evidence of the prosecutor's punitive motivation," such evidence is not necessary. *United States* v. *Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Without direct evidence, Brown may still establish a prosecutorial vindictiveness claim by following a burden shifting framework. To do so, Brown must first create a "presumption of vindictiveness." *Id.* A rebuttable presumption of vindictiveness is created "by showing that the circumstances establish a 'reasonable likelihood of vindictiveness.'" *Kent*, 649 F.3d at 912–13 (quoting *United States* v. *Goodwin*, 457 U.S. 368, 373 (1982)); *see also United States* v. *Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982). If Brown does that, the burden shifts to the government to present "objective evidence justifying the prosecutor's action." *Goodwin*, 457 U.S. at 376 n.8.

Lacking any direct evidence of punitive motive, Brown avers that the timing of the indictment—filed approximately five months after the attempted escape and only after Brown's declaration was introduced at Henrikson's trial—satisfies his burden of creating a presumption of vindictiveness. The timing of the indictment alone, however, is insufficient. *See Gallegos-Curiel*, 681 F.2d at

1168 (stating that "the link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right").[4] Particularly when a vindictiveness claim pertains to pretrial charging decisions, the Supreme Court urges deference to the prosecutor. *See Kent*, 649 F.3d at 913 (citing *Goodwin*, 457 U.S. at 381). Deference is appropriate for pretrial charging decisions because, "in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution." *Goodwin*, 457 U.S. at 381. Brown offers no support for the proposition that the government had sufficient evidence to prosecute him for attempted escape prior to the submission of his written declaration in the Henrikson trial. *Cf. Jenkins*, 504 F.3d at 700. Hence, the mere fact that the government subsequently decided to indict Brown after obtaining his written declaration does not create a presumption of vindictiveness.

Accordingly, the district court did not err in denying Brown's motion to dismiss on prosecutorial vindictiveness grounds.

**AFFIRMED**.

---

[4] Appellant also fails to explain why the decision of Henrikson's defense counsel to submit to the court Brown's previously written declaration should be treated as an "exercise of a right" by Brown.