NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL FRANCOIS-BEY, a.k.a. Curtis Pitter,

Petitioner-Appellant,

v.

KEATON, Warden,

Respondent-Appellee.

No. 15-17106

D.C. No. 2:14-cv-02818-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Federal prisoner Michael Francois-Bey appeals, pro se, from the district

court's judgment, dismissing his 28 U.S.C. § 2241 habeas petition. We review de

novo, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and affirm.

To the extent Francois-Bey's petition challenged his brief transfer away

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from the United States Penitentiary in Lee County, Virginia ("USP Lee") to face charges in Arizona, the district court did not err by concluding that his transfer back to USP Lee rendered that challenge moot. *See Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).

Francois-Bey also contends that he is being detained without authority because the federal government relinquished custody of him when it temporarily transferred him to the custody of the Maricopa County Sheriff's Office pursuant to a writ of habeas corpus ad prosequendum.[1] His contention is foreclosed by our recent decision in *United States v. Brown*, 875 F.3d 1235, 1239 (9th Cir. 2017), which confirmed that a prisoner remains in federal custody during any temporary transfer to a state facility pursuant to a writ of habeas corpus ad prosequendum.

Francois-Bey's remaining contentions attack the legality of his conviction and sentence. As this court already advised Francois-Bey, those claims must be raised in a 28 U.S.C. § 2255 motion in the District of Kansas where he was sentenced. *See* 28 U.S.C. § 2255(e); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

Francois-Bey's "letter rogatory" is denied.

**AFFIRMED.**

---

[1] The government's motion for judicial notice is granted. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

15-17106