**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10215 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00373-EJD-1 |
| v. | |
| GOYKO GUSTAV KUBUROVICH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 6, 2021[**]
San Francisco, California

Before: GRABER and LEE, Circuit Judges, and VRATIL,[***] District Judge.

A jury convicted Defendant Goyko Gustav Kuburovich of bankruptcy fraud,

18 U.S.C. § 157, concealment of assets in a bankruptcy proceeding, id. § 152(1),

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

and making a false statement in a bankruptcy proceeding, id. § 152(3).  He timely appeals his convictions.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Defendant first argues that the district court erred by denying his motion to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).  We review for clear error the district court's findings of fact, including a finding that the ends of justice warrant a continuance, United States v. Henry, 984 F.3d 1343, 1349–50 (9th Cir. 2021), and we otherwise review de novo the denial of the motion, id.

With respect to the four-month delay beginning in May 2017, Defendant cannot argue that the district court clearly erred in finding that both his own lawyer and the prosecutor required more time to prepare for trial.  That is because, first, Defendant and his codefendant daughter jointly asked for the continuance that ran from May 8, 2017, until July 24, 2017.  Second, Defendant fails to show how the court clearly erred in finding that the government needed another fifty days for continuity of counsel, which Defendant did not oppose.  Defendant points to nothing but his own conjecture that the case's original prosecutor acted in bad faith.  He then argues that such alleged bad faith, once revealed by Defendant in his motion to dismiss, retroactively tainted the district court's factual findings.  That post hoc reasoning is insufficient to show clear error.

2

Nor did the district court clearly err in finding that the ends of justice supported the March 2018 continuance. Defendant agreed, in a signed stipulation, that he required more time for trial preparation and for continuity of counsel. Even if plea negotiations were one reason for the requested continuance, the court permissibly relied on the stated grounds of continuity and preparation. See United States v. Sutter, 340 F.3d 1022, 1033 (9th Cir. 2003) (holding that "where a defendant stipulates to facts underlying a district court's conclusion that time is excludable, the defendant cannot later challenge that finding"), as amended on denial of reh'g, 348 F.3d 789 (9th Cir. 2003).

2. Defendant next contends that the evidence was insufficient to support his convictions. We review de novo the denial of Defendant's motion for acquittal under Federal Rule of Criminal Procedure 29. United States v. Rocha, 598 F.3d 1144, 1153 (9th Cir. 2010). And we view the evidence in the light most favorable to the prosecution. United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

On this record, a reasonable juror easily could find that Defendant's (a) repeated and redundant transfers of wealth to his daughter's empty bank accounts, (b) control over those accounts and of the house purchased with their funds, and (c) failure to list the accounts or the house on his bankruptcy petition and statement of

3

financial affairs showed that he had concocted a scheme to commit bankruptcy fraud.

3. Next, Defendant asserts that the district court plainly erred, United States v. Klinger, 128 F.3d 705, 710 (9th Cir. 1997), by not giving sua sponte a specific unanimity instruction for Counts 2 and 3. But, as we have held in another context, "consensus by the jury on a particular false statement is not required." United States v. McCormick, 72 F.3d 1404, 1409 (9th Cir. 1995). Even if the government presented distinct violations of § 152(1) and § 152(3), sufficient evidence, as discussed above, supports a conviction for each violation. That makes any error harmless. See United States v. Lyons, 472 F.3d 1055, 1069 (9th Cir. 2007) (holding that the district court did not plainly err because sufficient evidence supported both theories of guilt).

4. Finally, Defendant claims that the district court erred by denying his motion for discovery to support a claim of vindictive prosecution. We review de novo the district court's legal conclusions, and for clear error its findings of fact. United States v. Brown, 875 F.3d 1235, 1240 (9th Cir. 2017).

The district court did not err. Defendant's theory is that the federal government belatedly pursued bankruptcy fraud charges because he won acquittal in an unrelated state prosecution on marijuana charges. The fact that the second

4

prosecution was "based on a different set of facts from [the] previous prosecution[]" and "was brought by a different sovereign . . . weakens defendant's position." United States v. Robison, 644 F.2d 1270, 1273 (9th Cir. 1981). Nothing other than sheer speculation hints at vindictiveness.

**AFFIRMED.**