**NOT FOR PUBLICATION**

**FILED**

APR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50193 |
| Plaintiff-Appellee, | D.C. No. 3:19-mj-24221-MDD-AJB-1 |
| v. | |
| GREGORIO SIORDIA-IBARRA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted April 3, 2024
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Defendant-Appellant Gregorio Siordia-Ibarra was arrested in a remote location near the United States-Mexico border and charged with misdemeanor improper attempted entry by an alien in violation of 8 U.S.C. § 1325(a)(1). He was found guilty following a bench trial and sentenced to time served and now appeals his conviction. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

1. Siordia-Ibarra argues that the magistrate judge abused his discretion under Federal Rule of Criminal Procedure 48(a) by setting this case for trial in response to the United States' motion to dismiss. At a pretrial motions hearing on December 5, 2019, the United States orally moved to dismiss its criminal complaint against Siordia-Ibarra without prejudice. Defense counsel "object[ed] to [dismissal] being without prejudice" and requested an "opportunity to brief whether the issue should be [] with or without prejudice." The magistrate judge stated, "No. I'm going to set the matter for trial." Defense counsel said "[t]hat would be fine." Trial was set for December 16, 2019, and the court "continu[ed] the motion hearing [un]til that date." On the date of trial, the magistrate judge found that "having not ruled on the motion, the [g]overnment was free to revoke it" and "obviously, it has."

Siordia-Ibarra contends that the magistrate judge's decision to set the case for trial at the December 5 hearing amounted to a denial of the United States' motion to dismiss without an express basis for doing so. *See United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (district court's discretion to deny a motion to dismiss under Rule 48(a) is limited to circumstances where dismissal is "prompted by considerations clearly contrary to the public interest" or "would contribute to prosecutorial harassment"); *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000). We disagree.

2

A fair reading of the record indicates that when the magistrate judge set the matter for trial, the court did not deny the government's motion to dismiss but rather deferred ruling on the government's motion. Indeed, defense counsel's supplemental brief to the magistrate judge acknowledged that "the [c]ourt [did] not rule on the government's motion to dismiss" at the December 5 hearing. On the date of trial, the government effectively withdrew its motion when it was prepared to move forward with trial. Because the magistrate judge did not deny the government's motion to dismiss, the requirements for dismissal under Rule 48(a) were not implicated.

2. Siordia-Ibarra also contends that the United States failed to sufficiently corroborate his admissions of alienage in violation of the *corpus delicti* doctrine. Under the *corpus delicti* doctrine, "when the primary evidence of citizenship offered by the [g]overnment consists of the defendant's own admissions, those admissions require 'some independent corroborating evidence'" to support a conviction. *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997) (citation omitted). The *corpus delicti* doctrine "does not impose a high bar for the government to clear." *United States v. Gonzalez-Godinez*, 89 F.4th 1205, 1210 (9th Cir. 2024). To satisfy the requirements of *corpus delicti*, the government must introduce (1) corroborating evidence that the "criminal conduct at the core of the offense has occurred" and (2) "independent evidence tending to establish the

3

trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable." *United States v. Lopez-Alvarez*, 970 F.2d 583, 592 (9th Cir. 1992).

Reviewing *de novo*, *United States v. Valdez-Novoa*, 780 F.3d 906, 921 (9th Cir. 2015), we hold that the United States satisfied the requirements of *corpus delicti*. First, the United States introduced evidence that the "criminal conduct at the core of the offense" occurred. *Lopez–Alvarez*, 970 F.2d at 592. United States Border Patrol Agents testified that Siordia-Ibarra was found crawling near the Mexico border early in the morning in a rural area 300 feet north of the border fence. These circumstances suggest that he had entered the country illegally.

Second, the United States introduced "mode of entry" evidence tending to establish the trustworthiness of Siordia-Ibarra's field admissions that he is a citizen of Mexico and does not have documentation to be in the United States. *See United States v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009) (evidence regarding the mode of a defendant's entry may itself be sufficient to corroborate an admission of alienage). Siordia-Ibarra was arrested near the border where "lots of … illegal entries" occur, was 25 miles away from the nearest port of entry, attempted to conceal himself from the view of Border Patrol agents by "crawling" and "hiding" in thick bush, and failed to produce documentation to United States Border Patrol Agents. Viewing the evidence in the light most favorable to the

4

government, any rational trier of fact could have found the essential elements of illegal entry proven beyond a reasonable doubt. *See Valdez-Novoa*, 780 F.3d at 921 (citing *United States v. Corona–Garcia*, 210 F.3d 973, 978 (9th Cir. 2000)).

3. Siordia-Ibarra argues that the district court erred by sealing and ordering the non-disclosure of information in the United States' *ex parte* application relating to law enforcement personnel files. Pursuant to the procedure set forth in *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the magistrate judge reviewed *in camera* the United States' *ex parte* application, ordered that the information "need not be disclosed," and sealed the application. The district court agreed, finding that the relevant information was not subject to discovery under "Rule 16 or *Brady*, *Giglio*, and any of the discovery devices" and it "wasn't material to the issues with regard to *Henthorn*."

"We review a district court's discovery rulings for an abuse of discretion." *United States v. Graf*, 610 F.3d 1148, 1168 (9th Cir. 2010) (citation and quotation marks omitted). Our independent review of the *ex parte* application confirms that the application contains no information that would have been material to Siordia-Ibarra's case. Accordingly, we find no abuse of discretion in the lower court's sealing order.

**AFFIRMED.**

5