NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30019 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00267-BLW-4 |
| v. | |
| ADAM LEE VALLELY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Bill R. Wilson, District Judge, Presiding

Submitted May 22, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Adam Lee Vallely appeals his convictions and sentences for conspiracy to

distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 851; possession with intent to distribute methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851; and possession with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. We affirm.

1. Vallely challenges the admission under Federal Rule of Evidence 404(b) of his 2015 Idaho conviction for possession of a controlled substance (heroin) with intent to deliver. We review for abuse of discretion a district court's decision to admit evidence of prior bad acts under Rule 404(b), but we review de novo whether the evidence falls within the scope of Rule 404(b). *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

The district court did not err in admitting Vallely's 2015 conviction because it is (1) relevant to a material element of the offense; (2) similar to the charged conduct; (3) based on sufficient evidence; and (4) not too remote in time. *See id.* Vallely's 2015 conviction was relevant to knowledge and absence of mistake. *See United States v. Vo*, 413 F.3d 1010, 1019 (9th Cir. 2005); *see also United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998). The 2015 conviction is for the same conduct as one of the charged offenses—possession with intent to distribute heroin—and is similar to the other charged conduct—conspiracy with intent to distribute controlled substances and possession with intent to distribute methamphetamine. *See Vo*, 413 F.3d at 1018-19. The fact that Vallely was convicted of the offense is sufficient evidence that he committed the prior bad act. *See United States v. Howell*, 231 F.3d 615, 628-29 (9th Cir. 2000). Vallely

received the 2015 conviction three years prior to committing the conduct at issue in this case, which is not too remote in time. *See, e.g., Vo*, 413 F.3d at 1013, 1018-19.

Although the district court was required to conduct a balancing under Federal Rule of Evidence 403, *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994), any failure to do so here was harmless because the prior conviction's probative value was not substantially outweighed by the danger of unfair prejudice, *see* Fed. R. Evid. 403. As discussed above, the 2015 conviction was probative of knowledge and lack of mistake, both as to distribution of heroin specifically, and drug distribution in general. The district court also mitigated any potential unfair prejudice by giving a limiting instruction. *See United States v. Lozano*, 623 F.3d 1055, 1060 (9th Cir. 2010).

2. Vallely next argues that the district court erred in failing to dismiss Counts 1 (Conspiracy to Distribute Controlled Substances), 4 (Unlawful Possession of a Firearm), and 5 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) of the Second Superseding Indictment for vindictive prosecution. Because Vallely was acquitted of Counts 4 and 5, the only subject of this challenge on appeal is Count 1.[1]

---

[1] Even if Counts 4 and 5 were at issue, or if the Government's intent in adding Counts 4 and 5 constituted evidence of its motivation for adding Count 1 as

Reviewing de novo, *see United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011), we conclude that the district court did not err in denying the motion to dismiss. Vallely has not made a prima facie showing of a "realistic or reasonable likelihood" of vindictiveness, which would shift the burden to the Government to show that the increased charge did not stem from a vindictive motive. *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168-69 (9th Cir. 1982); *see also United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017). The timing of the Government's choice to add Count 1 does not suggest that it was motivated by Vallely's choice not to plead guilty. The Government charged Vallely with conspiracy in the initial indictment, then after Vallely declined to plead guilty, it *removed* the conspiracy charge in the Superseding Indictment. Then, after Vallely continued to decline to plead guilty, the Government added a conspiracy charge in the Second Superseding Indictment, again as Count 1. That the Government both removed and added a conspiracy charge during the time Vallely declined to plead guilty suggests that the decision whether to include that charge was based on something other than Vallely's plea status.[2]

well, we would conclude that the Government did not act vindictively. Carrying out a threat made during plea negotiations to indict the defendant on additional charges does not alone constitute vindictive prosecution. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

[2] Like with the conspiracy charge, there is no reason to believe that the Government's removing and then adding back a sentencing enhancement was

Moreover, the decision to reindict Vallely for conspiracy may have been a result of "the prosecutor [uncovering] additional information that suggest[ed] a basis for further prosecution or . . . [coming] to realize that information possessed by the State ha[d] a broader significance." *United States v. Goodwin*, 457 U.S. 368, 381 (1982). Although the Government already included a version of Count 1 in the original indictment, the version of Count 1 in the Second Superseding Indictment included expanded allegations. Even if the Government possessed some of the evidence underlying Count 1 when it initially indicted Vallely, the expansion suggests that the Government's decision to reindict him for conspiracy may have been the result of the discovery of additional evidence, or coming to a new understanding of the implications of evidence already in its possession.

3. Vallely next argues that the district court erred in denying him a new trial on the basis of newly discovered evidence that a co-defendant and cooperating witness, William Merrill, intimidated a witness, Danielle Rodriguez, into refusing to testify on Vallely's behalf. We review for abuse of discretion the denial of a motion for a new trial on the basis of newly discovered evidence. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc).

Vallely first argues that the district court abused its discretion because it is

motivated by Vallely's refusal to plead guilty either, because the Government removed the enhancement and added it back all while Vallely declined to plead guilty.

unclear whether it applied the correct legal standard. The district court did not articulate any legal standard when it denied Vallely's new trial motion. Nor is it clear what standard it applied because Vallely's motion and the Government's response articulated two different standards. We need not decide whether the district court applied the correct standard because, although the Government did not raise harmlessness as to any error on this issue, any error was harmless, even when considered under the heightened standard for raising harmlessness sua sponte. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1101 (9th Cir. 2005).

For reasons similar to the ones the district court gave, Vallely's new evidence falls short of the standard both parties agree on appeal is the correct one, so any error in applying the wrong standard necessarily made no difference to the resolution of the motion. The two pieces of testimony Rodriguez would have provided were "merely impeaching" and did not "indicate[] the defendant would probably be acquitted in a new trial." *Hinkson*, 585 F.3d at 1264. Vallely states that Rodriguez would have testified that Merrill violated the terms of his house arrest. That testimony would have been relevant only to impeach Merrill's credibility and would not have risen to the level of rendering his testimony "totally incredible." *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). Vallely also says Rodriguez would have testified that she was frequently with Merrill but

6

that Vallely was never present and that Merrill never mentioned Vallely. The value of that testimony would have been minimal. The fact that one of Merrill's associates—who is not alleged to have participated in Merrill's conspiracy—did not see Merrill with Vallely or hear Merrill mention Vallely has little bearing on whether Merrill and Vallely were conspiring together. Merrill's testimony about the conspiracy was also corroborated by phone calls and text messages between Vallely and Merrill, as well as drug ledgers that included Merrill's name and Vallely's nickname. Remanding for the district court to apply the correct legal standard would be futile because Vallely's new evidence does not meet the correct standard, for similar reasons to those the district court itself already gave.

4. Vallely also argues that the district court violated Federal Rule of Criminal Procedure 32(e)(2) and (i)(1)(A) by denying his motions to continue sentencing when he was not provided with his pre-sentence report ("PSR") at least 35 days before sentencing and by failing to verify at sentencing that he had read the PSR and discussed it with his attorney.

The district court's decisions violated Rule 32(e)(2) and (i)(1)(A). The district court's denial of Vallely's motions for a continuance, despite Vallely's having not received the PSR at least 35 days before the hearing (and not even within ten days of the sentencing), guaranteed that the requirement of Rule 32(e)(2) would not be fulfilled. And although under Rule 32(i)(1)(A) "[a] district

7

court need not specifically inquire whether a defendant has read the presentence report, . . . the sentencing judge must [at least] 'reasonably rely on evidence indicating that a defendant has read the presentence report and discussed it with counsel.'" *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007) (per curiam) (cleaned up) (quoting *United States v. Lewis*, 880 F.2d 243, 246 (9th Cir. 1989)). The sentencing judge here did not inquire into whether Vallely had read the PSR or discussed it with his counsel. Although Vallely made some references to facts in the PSR during sentencing, he did not make any statements indicating that he had discussed the PSR with his counsel. Particularly because the court was aware that Vallely had not received the PSR at least as of nine days before the sentencing, failure to inquire further was error.

Both of these errors, however, were harmless. *See id.*; *United States v. Lewis*, 991 F.2d 524, 528 (9th Cir. 1993) ("To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced his defense."). Vallely has "'made no affirmative allegation that he failed to read the [PSR]' and review it with his attorney." *Soltero*, 510 F.3d at 863 (quoting *United States v. Davila-Escovedo*, 36 F.3d 840, 844 (9th Cir. 1994)). He also has "never identified—either to the district court or to this court—*any* fact in the PSR he would have disputed had the sentencing judge afforded him the opportunity" that he did not already dispute. *Id.* Unlike cases in which we have held a Rule

32(i)(1)(A) error not to be harmless, Vallely did raise various objections to the PSR, which his counsel reiterated at sentencing. *See United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir. 1993).

5. Finally, Vallely argues that the district court erred in calculating his Guidelines range because it applied two enhancements (for use of violence and reckless endangerment during flight) that he contends were based on the firearms offenses of which he was acquitted. But the district court did not base these enhancements on acquitted conduct.[3] At sentencing, the district court stated, "I'm not going to consider the gun charges that the jury acquitted him on." The Government then argued that the use of violence and reckless endangerment enhancements should apply and that they could be based on evidence presented at trial of other incidents separate and apart from the acquitted conduct. The court then stated that it agreed with the Government and applied the two enhancements. Although Vallely objected at sentencing to any reliance on these alternate bases for the two enhancements because those bases were not in the PSR, Vallely did not

---

[3] The district court was permitted to consider acquitted conduct in sentencing, as long as it was proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam). But because the district court decided that it would not consider the acquitted conduct, it had no occasion to decide whether the Government had proven by a preponderance of the evidence that that conduct occurred. Contrary to the Government's arguments, we therefore cannot affirm the district court's decision on the ground that it was permitted to consider this acquitted conduct.

raise that argument on appeal.  Any argument on that basis is therefore forfeited.[4]

*See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

For the foregoing reasons, we **AFFIRM** Vallely's conviction and sentence.

---

[4] Vallely also asserted, without analysis or citation, that applying both enhancements constituted "plain old double counting."  But because Vallely conducted no substantive analysis to support this assertion, it is forfeited as well. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010).  In any event, impermissible double counting occurs only if the court applies one part of the Guidelines based on "a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Martin*, 278 F.3d 988, 1004 (9th Cir. 2002) (quoting *United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir. 1995)).  Vallely has made no argument that this occurred here, where the district court seems to have relied on various incidents referenced by the Government at sentencing.